UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) GREAT AMERICAN INSURANCE COMPANY ) ) ) ) Defendant. ) | Case No.: _____ |

**COMPLAINT FOR DECLARATORY RELIEF,
EQUITABLE SUBROGATION, AND UNJUST ENRICHMENT**

Plaintiff, Allianz Global Risks US Insurance Company ("Allianz"), by and through its attorneys, brings this Complaint for declaratory relief, equitable subrogation, and unjust enrichment against Defendant, Great American Insurance Company ("Great American"), and states as follows:

**NATURE & BACKGROUND OF THE ACTION**

1. This is an action between two insurance companies for declaratory relief pursuant to 28 U.S.C. § 2201 to determine the priority of coverage between the following liability insurance policies currently providing a defense, under reservation of rights, to mutual insureds: 1) Aircraft Coverage Policy No. AH3294765-00 issued by Great American (the "Great American Policy"); and 2) Corporate Non-Owned Aircraft Policy No. ALLZWL1400422-01 issued by Allianz (the "Allianz Policy"). This action also seeks an award to Allianz of defense costs it has paid based on equitable subrogation and unjust enrichment.

2. The dispute as to priority of coverage arises out of the September 11, 2015 crash of a Smith Aerostar 600 aircraft, bearing Federal Aviation Administration Registration No. N164HH and, upon information and belief, bearing Registration No. N375RA prior to May 5, 2015 (the "Aircraft"), during a flight from a filming location in Colombia to Medellin, Colombia in connection with the production of a motion picture film titled *Mena* aka *American Made* that resulted in the deaths of Carlos Berl and Alan Purwin and injuries to Jimmy Lee Garland, all of whom were on board the Aircraft (the "Accident").

3. A judicial determination of the priority of coverage is necessary to ascertain the insurers' respective obligations for the claims asserted in the following two related lawsuits seeking wrongful death and survival damages resulting from the Accident: 1) *Kathryn Purwin, et al. v. Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, LLC, Vendian Entertainment, LLC, Estate of Carlos Berl, Deceased, and Does 1 through 50, Inclusive*, in the Superior Court of California for the County of Los Angeles, Case No. BC617199 (the "Purwin Action"); and 2) *Andres Berl, as Executor and Personal Representative of the Estate of Carlos Berl, deceased, et al. v. Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, Vendian Entertainment, LLC, Frederic North, Jimmy Lee Garland, S&S Aviation Co., Inc., Heliblack, LLC, Estate of Alan Purwin, Deceased, Kathryn Purwin, as Executor and Personal Representative of the Estate of Alan Purwin, Does 1-40, Inclusive*, in the Superior Court of the State of California for the County of Los Angeles – Central District, Case No. BC633844 (the "Berl Action") (collectively, the Purwin Action and the Berl Action are the "Actions"). A third lawsuit may be commenced by Mr. Garland.

4. The Great American Policy, issued to the owner of the Aircraft, provides liability coverage for damages resulting from the ownership and use of the Aircraft and provides Aircraft and Physical Damage Coverage for the Aircraft. The Aircraft is specifically identified in the Great American Policy's Declarations.

5. The Allianz Policy provides non-owned aircraft coverage, which is liability coverage only for any qualifying aircraft used by the Named Insured that is not owned by, registered to, or leased to the Named Insured. The Aircraft involved in the Accident qualifies as a non-owned aircraft under the Allianz Policy.

6. Great American and Allianz each have acknowledged coverage, subject to reservation of rights, to several of the same persons and organizations named as defendants in the Actions and each are providing a defense under reservation of rights to certain of those persons and organizations, and others who are common insureds under both policies.

7. Allianz seeks a declaration that the Great American Policy provides primary coverage for the claims asserted against all common insureds for which the Parties are currently providing a defense in the Actions.

8. Allianz also seeks a declaration that the Allianz Policy provides only secondary and excess coverage for the claims asserted against all common insureds for which the Parties are currently providing a defense in the Actions.

9. Finally, Allianz seeks a declaration that Great American must reimburse, and seeks an award of reimbursement to, Allianz for the defense costs it has expended and continues to expend for the defense of common insureds.

## THE PARTIES

10. Allianz is an insurance company that is incorporated under the laws of the State of Illinois with a principal place of business in Chicago, Illinois.

11. On information and belief, Great American is an insurance company that is incorporated under the laws of the State of Ohio with a principal place of business in Cincinnati, Ohio.

## JURISDICTION AND VENUE

12. This action seeks declaratory judgment pursuant to 28 U.S.C. § 2201.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

14. This Court has personal jurisdiction over Great American because Great American offers and sells insurance to insureds domiciled in the State of Georgia, issued the Great American Policy to an insured in Georgia, and has a registered agent for service of process in Atlanta, Georgia.

15. Venue is proper under 28 U.S.C. § 1391 because the Great American Policy and the Allianz Policy were issued to insureds located in this district and insure persons and/or organizations located in this district.

16. There is a real, substantial, and justiciable issue in controversy between the Parties hereto with respect to the priority of insurance coverage between the Great American Policy and the Allianz Policy for the claims asserted against their common insureds in the Actions. A judicial determination and declaration of the rights and obligations of the Parties is necessary in order to resolve the Parties' respective duties to pay past and continuing defense

costs. A declaratory judgment is appropriate at this time because Allianz has no adequate remedy at law that will resolve the current controversy.

## THE ACCIDENT

17. In and around September 2015, the filming and production of a motion picture film then titled *Mena* had commenced in Colombia, South America.

18. Various aircraft had been secured for use during filming, including the Aircraft.

19. On September 11, 2015, after the close of the day's filming, the Aircraft was to be ferried from a filming location in Colombia to Medellin, Colombia for eventual flight to the United States to continue filming.

20. During the flight to Medellin, Mr. Purwin, Mr. Berl, and Mr. Garland were on board the Aircraft when it crashed resulting in the deaths of Mr. Purwin and Mr. Berl and injuries to Mr. Garland.

21. As a result of the Accident, the Actions were commenced in California Superior Court.

## THE PURWIN ACTION

22. On April 15, 2016, Kathryn, Kyle, and Michaela Purwin commenced the Purwin Action asserting wrongful death and survival causes of action arising out of Mr. Purwin's death in the Accident.

23. The Purwin Action alleges that the Defendants "secured the use of a number of aircraft for use in the production of Mena," including the Aircraft.

24. The Purwin Action names as Defendants: Cross Creek Pictures, LLC; Imagine Entertainment, LLC; Quadrant Pictures; Vendian Entertainment, LLC; and the Estate of Carlos

Berl, Deceased and Andres Berl, as Personal Representative of the Estate of Carlos Berl (the "Berl Estate").

25. The Purwin Action alleges that the Defendants "negligently, unlawfully and carelessly operated, entrusted, piloted, flew, controlled, and directed the Accident Aircraft so as to cause it to collide with terrain" and that Mr. Purwin was aboard the Aircraft as a passenger when it crashed over rugged terrain, resulting in his death.

## THE BERL ACTION

26. On September 14, 2016, Andres Berl, as Executor and Personal Representative of the Estate of Carlos Berl, deceased, Jenny, Michael, and Alexander Berl commenced the Berl Action asserting wrongful death and survival causes of action arising out of Mr. Berl's death in the Accident.

27. The Berl Action names as Defendants: Cross Creek Pictures, LLC; Imagine Entertainment, LLC; Quadrant Pictures; Vendian Entertainment, LLC; Mena Productions, LLC; Frederic North; Jimmy Lee Garland; S&S Aviation Co., Inc.; Heliblack, LLC; and the Estate of Alan Purwin, Deceased (the "Purwin Estate") and Kathryn Purwin, as Executor and Personal Representative of the Estate of Alan Purwin.[1]

28. The Berl Action alleges that the Defendants "negligently, unlawfully and carelessly supervised, prepared, instructed, operated, entrusted, piloted, flew, controlled, and directed the Subject Aircraft so as to cause and/or allow it to collide with terrain," resulting in Mr. Berl's death.

---

[1] It appears that the claims asserted against Kathryn Purwin, as Executor and Personal Representative, have been dismissed with prejudice.

## THE GREAT AMERICAN POLICY

29. Great American issued the Great American Policy to the owner of the Aircraft and first named insured, Heliblack, LLC ("Heliblack"), for the policy period May 25, 2015 to September 25, 2015, which was extended to October 1, 2015 by Endorsement Number 23.

30. The Great American Policy is an Aircraft Coverage Form policy and has a $50 million each "occurrence" limit for Single Limit "Bodily Injury" and "Property Damage" Including "Passenger" Liability.

31. The Great American Policy also provides Aircraft and Physical Damage Coverage for the Aircraft, listing a $100,000 insured value in the Declarations Page.

32. Pursuant to the Great American Policy, the Aircraft "will be used for: Motion Picture Production, and any flights in support of Motion Picture Production."

33. The following defendants in the Purwin Action and the Berl Action are either identified as Named Insureds or additional insureds in the Great American Policy: Heliblack; S&S Aviation Co., Inc.; Mr. Purwin, i.e., the Purwin Estate; Frederic North; Mena Productions, LLC; and Cross Creek Productions, LLC.

34. In addition, the Great American Policy defines "insured" as "not only the 'named insured' but also any person while using or riding in the 'aircraft' and any person or organization legally responsible for its use, provided the actual use is with the express permission of the 'named insured'".

35. The Great American Policy provides, in relevant part, the following liability coverage:

> **COVERAGE D – SINGLE LIMIT BODILY INJURY AND PROPERTY DAMAGE LIABILITY** – We will pay those sums an "insured" becomes legally obligated to pay as damages because of "bodily injury" sustained by any person (excluding any

"passenger" unless the words "Including Passengers" appear in the Declarations) and "property damage", caused by an "occurrence" and resulting from the ownership, maintenance or use of a covered "aircraft".

36. The term "aircraft" is defined under the Great American Policy, in relevant part, as "the aircraft described in the Declarations[.]" The Aircraft is specifically identified as a covered aircraft on the Declarations Page.

37. The Great American Policy contains "Special Insuring Agreements" that provide, in pertinent part, coverage for the "named insured's" use of non-owned aircraft as follows:

> **II. USE OF OTHER AIRCRAFT**
>
> The insurance afforded under Coverages A, B, C, D and E with respect to the "aircraft" described in the Declarations is extended to apply with respect to the use, by or on behalf of the "named insured", of any other "aircraft" not owned in whole or in part by, or furnished for regular use to, such "named insured". The insurance provided by this agreement shall apply only to the "named insured".

38. In relevant part, the Limit of Company's Liability contains an "Other Insurance" clause, which provides:

> The following provisions apply to all coverages, except with respect to insurance afforded by Special Insuring Agreements I and II and to insurance specifically purchased by the "named insured" to apply in excess of this Policy. If there is other insurance in the "insured's" name or otherwise, [sic]"loss, liability or expenses covered by this Policy, the Company shall not be liable under this Policy for a greater proportion of such loss, liability or expenses than the applicable limit of the Company's liability bears to the total applicable limit of liability of all valid and collectible insurance against such loss, liability or expenses.
>
> Insurance afforded by Special Insuring Agreements I and II shall be excess insurance over any other valid and collectible insurance available to the "insured", either as an "insured" under a policy applicable to the "aircraft" or otherwise and if such other insurance shall have been written through the Company or other affiliates of the Company as primary insurance, then our limits of liability

under this Policy shall be reduced by the applicable limits of such other policy."

## THE ALLIANZ POLICY

39.     Allianz issued the Allianz Policy to Mena Productions, LLC for the policy period May 5, 2015 to September 20, 2015, which was extended to March 1, 2016 by Endorsement Number 27.

40.     The Allianz Policy is a Corporate Non-Owned Aircraft Insurance Policy and has a $25 million "Each **Occurrence**" limit for "Single Limit **Bodily Injury** and **Property Damage** Liability Including **Passengers**[.]"

41.     The following defendants in the Purwin Action and the Berl Action are either identified as Named Insureds or additional insureds in the Allianz Policy: Mena Productions, LLC; Cross Creek Pictures, LLC; and Vendian Entertainment, LLC.

42.     In addition, the Allianz Policy defines "**Insured**" as "the **Named Insured** (including any executive officer, director, partner agent or employee thereof, but only while acting within his or her official duties as such), and any **passenger** riding in or using the non-owned **aircraft** provided the use is with the **Named Insured's** permission."

43.     The Allianz Policy provides, in relevant part, the following liability coverage:

### INSURING AGREEMENTS

The Company agrees:

**1) LIABILITY COVERAGES**

> **Coverage A** – Single Limit **Bodily Injury** and **Property Damage** Liability (including any and all **related claims**) – To pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as damages because of **Bodily Injury** sustained by any person (excluding any **passenger** unless the words "including **passengers**" appear in **Item 3.** of the Declarations), and

9

> **Property Damage**; caused by an **occurrence** and arising out of the use by, or on behalf of, the **Named Insured** of **aircraft** (excluding any **physical damage** to **aircraft**).

44. The term "aircraft" is defined under the Allianz Policy, in relevant part, as follows:

### DEFINITIONS

> "**Aircraft**" means an aircraft as described in **Item** 4. of the Declarations that is used by the **Insured** in its business and is not:
>
> 1) owned partly or wholly by the Insured,
>
> 2) registered in the Insured's name or the name of any member of the Insured's household,
>
> 3) or leased exclusively to the Insured for a period of 365 or more days.

45. Item 4 of the Declarations describes "[o]nly non-owned aircraft . . . having Unlimited total seating[.]"

46. The Aircraft involved in the Accident qualifies as a non-owned aircraft under the Allianz Policy.

47. The Allianz Policy contains the following applicable limitation on Allianz's liability:

### LIMIT OF THE COMPANY'S LIABILITY

### ALL COVERAGES – Excess and Other Insurance

> The coverage provided by this policy is secondary and excess over any other insurance available to the **Insured** covering the loss, except such insurance that is purchased as excess of the coverage provided by this policy.

### DEFENSE OF THE ACTIONS

48. Great American and Allianz have acknowledged coverage, subject to reservation of rights, to several of the same persons and organizations named as defendants in the Actions

10

and are currently providing a defense of the Actions to certain of those persons and organizations, and to others who are common insureds under both policies, under reservation of rights.

49. Great American and Allianz have acknowledged coverage for the Purwin Action, under a reservation of rights, to Cross Creek Pictures, LLC[2] and the Berl Estate.

50. Great American and Allianz have acknowledged coverage for the Berl Action, under a reservation of rights, to Mena Productions, LLC, Cross Creek Pictures, LLC,[3] Frederic North, Jimmy Lee Garland, and the Purwin Estate.

51. Upon information and belief, Great American has declined to provide a defense for the Actions to Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC, asserting these entities are not identified as "Named Insureds" or "additional insureds" and do not qualify as "insureds" under the Great American Policy.

52. Allianz is currently providing a defense of the Actions to Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC, under a reservation of rights.

53. Great American's coverage defenses, including what entities and which individuals constitute "insureds" under the Great American Policy, are currently being litigated in *Great American Insurance Company v. Andres Berl, as Executor and Personal Representative of the Estate of Carlos Berl, Jenny Berl, Michael Berl, Alexander Berl, Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, Vendian Entertainment, LLC, Frederic North, Heliblack, LLC, Estate of Alan Purwin, Kathryn A. Purwin, Kyle Purwin, Michaela Purwin*, in the United States District Court for the Central District of California Western Division, Case No. 2:17-CV-03767 (the "California Coverage Action").

---

[2] Upon information and belief, Great American has acknowledged a duty to defend Cross Creek Productions, LLC for the claims asserted against Cross Creek Pictures, LLC in the Actions.

[3] See supra note 2.

11

54. While it is Allianz's position that Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC, all fall within the definition of "insured" in the Great American Policy, this determination will be adjudicated in the California Coverage Action.

55. Mr. Garland, who is currently being provided a defense of the Berl Action under the Great American Policy, and S&S Aviation Co., Inc. are not parties to the California Coverage Action.

56. Great American did not name Allianz as a defendant in the California Coverage Action and Allianz is, therefore, also not a party to the California Coverage Action.

57. Great American has not raised the priority of coverage issue in the California Coverage Action.

58. This action is limited to determining the priority of coverage between the Great American Policy and the Allianz Policy and reimbursement owed to Allianz based on that determination.

59. With respect to all common insureds for which Great American or Allianz are currently providing a defense, Great American has disputed that the Allianz Policy provides only excess coverage and that Allianz has no current obligation to defend all common insureds. Great American contends that Great American and Allianz should contribute pro rata to the defense costs and enter into a cost sharing agreement for defense costs incurred and continuing to be incurred in connection with the claims asserted against all common insureds in the Actions.

**THE GREAT AMERICAN POLICY OWES PRIMARY COVERAGE AND THE ALLIANZ POLICY OWES SECONDARY AND EXCESS COVERAGE TO THEIR COMMON INSUREDS**

60. In the aviation insurance market, non-owned aircraft coverage, such as that contained in the Allianz Policy, is commonly written and sold as excess coverage. The common

Case 1:17-cv-02291-ELR Document 1 Filed 06/19/17 Page 13 of 18

understanding in the aviation insurance market is that, in the event of a loss involving an aircraft, the policy covering that aircraft is primary and any non-owned coverage applicable to that loss is excess to the policy that provides coverage to the aircraft.

61. The Great American Policy is an Aircraft Coverage Policy that provides primary coverage for liability resulting from the ownership, maintenance or use of the Aircraft and specifically identifies the Aircraft as a covered "aircraft" in its Declarations Page and in various Endorsements.

62. The Great American Policy was issued to and insures the owner of the Aircraft, Heliblack, and Heliblack's two principals, Mr. Purwin and Mr. North.

63. By the express terms of its "other insurance" clause, the Great American Policy reflects the aforementioned market understanding by providing excess coverage for the use of non-owned aircraft by the "named insured".

64. The Great American Policy otherwise contemplates pro rata sharing if there is other valid and collectible insurance for the loss covered by the Great American Policy pursuant to its "other insurance" clause.

65. The Allianz Policy is a Corporate Non-Owned Aircraft Insurance Policy that provides secondary and excess insurance coverage over any other insurance available to the "Insured".

66. The Allianz Policy provides coverage for non-owned aircraft, which includes the Aircraft.

67. By the express terms of its Limits of the Company's Liability section, the Allianz Policy reflects the aforementioned market understanding by providing that it is "secondary and excess over any other insurance available to the **Insured** covering the loss[.]"

68. The Actions arose out of the use of the Aircraft.

69. To give effect to the respective policies' "other insurance" clause and Limits of the Company's Liability section, the Allianz Policy, the non-owned policy, does not constitute other "valid and collectible insurance" within the meaning of the pro rata "other insurance" clause in the Great American Policy, the owned policy.

70. The Great American Policy constitutes "other insurance" within the meaning of the Limits of the Company's Liability section of the Allianz Policy.

### COUNT I – DECLARATORY JUDGMENT

71. Allianz repeats and reiterates each and every allegation made in paragraphs 1 through 70 as if fully set forth herein.

72. A controversy exists between Allianz and Great American concerning their rights and obligations under the Allianz Policy and the Great American Policy with respect to the priority of coverage for the defense costs incurred and continuing to be incurred in connection with the claims asserted against their common insureds in the Actions.

73. Allianz seeks a declaration that the Great American Policy owes primary coverage for the claims asserted against all common insureds for which the Parties are currently providing a defense in the Actions.

74. Allianz also seeks a declaration that the Allianz Policy owes only secondary and excess insurance coverage for the claims asserted against all common insureds for which the Parties are currently providing a defense in the Actions.

75. By reason of the foregoing, an actual and justiciable controversy exists between the Parties. A declaratory judgment is, therefore, both necessary and proper to determine the

priority of coverage between the Great American Policy and the Allianz Policy in order to apportion the Parties' respective duties to pay past and continuing defense costs.

## COUNT II – EQUITABLE SUBROGATION

76. Allianz repeats and reiterates each and every allegation made in paragraphs 1 through 75 as if fully set forth herein.

77. Allianz has paid and continues to pay 100% of the costs of defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC in the Purwin Action and the Berl Action, incurring at least $475,000 in fees and expenses.

78. Pursuant to the terms of the Great American Policy, Great American was required to pay 100% of the costs of defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC.

79. In addition, Condition 19 of the Allianz Policy provides as follows:

> **19) SUBROGATION**
>
> If the **Insured** has rights to recover all or part of any payment the Company has made under this policy, those rights are transferred to the Company. The **Insured** must do nothing after loss to impair them. At the request of the Company, the **Insured** will bring suit or transfer those rights to the Company and do whatever else is necessary to secure such rights. The **Insured** shall do nothing after a loss to prejudice such rights.
> ….

80. Great American has refused to reimburse Allianz any portion of the defense costs Allianz has paid for these insureds.

81. Allianz is entitled to reimbursement and recoupment of 100% of the defense costs incurred by Allianz in defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC.

## COUNT III – UNJUST ENRICHMENT

82. Allianz repeats and reiterates each and every allegation made in paragraphs 1 through 81 as if fully set forth herein.

83. Allianz has paid and continues to pay 100% of the costs of defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC in the Purwin Action and the Berl Action, incurring at least $475,000 in fees and expenses.

84. Pursuant to the terms of the Great American Policy, Great American was required to pay 100% of the costs of defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC.

85. Great American, therefore, has been unjustly enriched in the amount of at least $475,000 by refusing to contribute toward the defense of Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC.

86. Allianz is entitled to reimbursement and recoupment of 100% of the defense costs incurred by Allianz in defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff, Allianz Global Risks US Insurance Company, prays for judgment in its favor and against Defendant, Great American Insurance Company, as follows:

A. Declaring the priority of coverage between the Great American Policy and the Allianz Policy as to the claims asserted against all common insureds in the Actions;

B.  Declaring that the Great American Policy owes primary insurance coverage for the claims asserted against all common insureds in the Actions;

C.  Declaring that the Allianz Policy owes only secondary and excess insurance coverage for the claims asserted against all common insureds in the Actions;

D.  Declaring that Great American must reimburse Allianz for the defense costs Allianz has expended and continues to expend for the defense of Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC;

E.  Awarding Allianz the costs it incurred in defending Mena Productions, LLC, Cross Creek Pictures, LLC, Imagine Entertainment, LLC, Quadrant Pictures, and Vendian Entertainment, LLC;

F.  Awarding pre-judgment interest, post-judgment interest, costs, expenses, and attorneys' fees; and

G.  Awarding such other and further relief as the Court may consider equitable, fair, and proper.

Dated: June _19th__, 2017           By:   _/s/ James T. Brieske_____

James T. Brieske, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Tel.:   (404) 870-7387
Fax:   (404) 870-7374
Email: jbrieske@grsmb.com

and

Andrew T. Houghton, Esq. (*pro hac vice* application to be filed)
Tanya C. Rolo, Esq. (*pro hac vice* application to be filed)
SKARZYNSKI BLACK LLC
One Battery Park Plaza, Fl. 32
New York, New York 10004
Tel.:   (212) 820-7700
Fax:   (212) 820-7740
Email: ahoughton@skarzynski.com
           trolo@skarzynski.com

*Attorneys for Plaintiff, Allianz Global Risks US Insurance Company*

4817-8800-3401, v. 5